IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HENNIS WASHINGTON, *et al.*, ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:13-CV-610-WKW |
| ) | (WO–Do Not Publish) |
| UTILITY TRAILER ) | |
| MANUFACTURING COMPANY, ) | |
| ) | |
|    Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Utility Trailer Manufacturing Company's motion to dismiss the state-law claims in Plaintiffs' second amended complaint. (Doc. # 29.) The parties have fully briefed the motion. (Docs. # 29, 33 & 35.) After careful consideration of the arguments of counsel, the appropriate law, and the allegations set forth in the operative complaint, the court finds that the motion is due to be denied.

### **I. JURISDICTION AND VENUE**

The court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367. Personal jurisdiction and venue are uncontested.

## II.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 663 (alteration in original) (citation omitted).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).  The standard also "calls for enough facts to raise a reasonable expectation that discovery will

reveal evidence" of the claim. *Twombly,* 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

### III.  BACKGROUND

Because the court must accept the allegations of the complaint as true at this stage of the litigation, the following facts may not be the "actual facts." *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006).

Plaintiffs,[1] twelve black employees of Utility Trailer, allege that they are the subject of prolonged and ongoing racial harassment at the hands of their co-workers and supervisors. Each Plaintiff has worked at Utility Trailer for at least one year, while nine Plaintiffs have been Utility Trailer employees for more than three years. Plaintiffs hold jobs in a variety of Utility Trailer departments, including, but not limited to, welding, flooring, maintenance, and assembly.

Throughout the course of their employment, Plaintiffs have each endured repeated instances of racial discrimination and harassment. While each Plaintiff provides individualized facts to support his claim that he experienced a racially hostile work environment while on the job at Utility Trailer, there are many instances of overlap. For example, each Plaintiff has heard or is aware of an

---

[1] Plaintiff-employees are Hennis Washington, Frederick Green, Todd Hooks, Keleen Farrier, Lawrence Silar, Daryl Lindsey, Robert Edwards, Johnny Baldwin, Bobby Terry, Timothy Caldwell, Nick Whitfield, and Jimmy Curry.

instance when a co-worker or supervisor called a fellow black employee a "n-----." (Doc. # 26.) Similarly, and no less troubling, each Plaintiff has heard or is aware of instances in which a fellow black employee was called another racially derogatory name, such as "black a--," "monkey," "boy," "dirty a-- n-----," or "black a-- mother-----." (Doc. # 26.) Additionally, each Plaintiff has seen racially charged graffiti inscribed on the walls, beams, or bathroom stalls of Utility Trailer. The most disconcerting occurrences of graffiti include the letters "KKK," drawings of a noose, the word "n-----," and references to the "Brotherhood." (Doc. # 26.)

In addition to Plaintiffs' exposure to the aforementioned instances of verbal and pictorial degradation, each Plaintiff notes instances of discriminatory and disparate treatment. Throughout the complaint, Plaintiffs routinely note being (1) overlooked for promotions; (2) unfairly and disproportionately disciplined; and (3) closely monitored and their work disproportionately scrutinized. Plaintiffs reported the disparate treatment and occurrences of racial harassment to various supervisors and members of Utility Trailer's management at different points in their employment, but contend that the racial hostility in the workplace continues unabated without Utility Trailer taking prompt and effective remedial action.

4

As a result, in August 2013, Plaintiffs filed a five-count complaint[2] against Utility Trailer.  (Doc. # 1.)  Utility Trailer moved to dismiss the complaint in its entirety or, alternatively, for a more definite statement.  (Doc. # 12.)  Because the court agreed that Plaintiffs' complaint was poorly pleaded, it granted Utility Trailer's motion for a more definite statement without ordering briefing on the motion to dismiss.  (Doc. # 14.)  On October 18, 2013, Plaintiffs filed their first amended complaint (Doc. # 16), and Utility Trailer again moved to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) (Doc. # 18).[3]  Oral argument was held on the motion to dismiss on April 19, 2014.  On June 23, 2014, the court issued a memorandum opinion and order (Doc. # 25), in which it denied Utility Trailer's motion to dismiss with leave to refile.

In denying the motion to dismiss, however, the court noted that Utility Trailer's arguments were not without merit and noted that Plaintiffs' first amended complaint "still suffer[ed] from the same lack of specificity as the original complaint and continue[d] to treat all twelve plaintiffs identically." (Doc. # 25, at 7.) Specifically, Plaintiffs failed to allege sufficient facts specific to each Plaintiff,

---

[2] Plaintiffs brought a claim for racial harassment pursuant to 42 U.S.C. § 1981 (Count I) as well as state-law claims for outrage (Count II) and negligent/wanton supervision, training, and retention (Counts III–V).

[3] Utility Trailer moved to dismiss Count I on the ground that Plaintiffs failed to plead racial harassment with the specificity required by *Twombly* and *Iqbal*.  Utility Trailer argued that Count II was due to be dismissed because Plaintiffs' allegations of outrage did not rise to the level of extreme and outrageous conduct required by Alabama law.  Finally, Utility Trailer moved to dismiss the negligent supervision, training, and retention claims because they were dependent on the existence of the underlying state-law outrage claim.  (Doc. # 25, at 5–6.)

and, instead, it appeared that each Plaintiffs' individualized fact sections merely contained the same copied and pasted allegations. (Doc. # 25, at 3.) Additionally, Plaintiffs' first amended complaint failed to state "(1) who made the [racially derogatory] statements; (2) whether the statements were made by co-workers or supervisors; (3) whether the statements were directed at Plaintiffs or were made in Plaintiffs' presence; (4) which statements were witnessed by which Plaintiffs and which statements were statements Plaintiffs were aware of but did not witness; (5) approximately when the statements were made; or (6) the approximate frequency with which the statements were made." (Doc. # 25, at 4.)

Despite these deficiencies, rather than dismiss it the court gave Plaintiffs a "final opportunity" to replead their racial harassment claim. (Doc. # 25, at 10.) Additionally, the court denied Utility Trailer's motion to dismiss Counts II–V, believing that "it would be premature to rule on whether [Plaintiffs could] state a claim for outrage [and negligent/wanton training, supervision, and retention] since the racial harassment provides the factual basis" for the remaining claims. (Doc. # 25, at 12.) On July 28, 2014, Plaintiffs filed their second amended complaint, and on August 4, 2014, Utility Trailer moved to dismiss Plaintiffs' state-law claims (Counts II–V) and answered Plaintiffs' racial harassment claim (Count I). (Docs. # 29 & 30.)

## IV.  DISCUSSION

### A.  Plaintiffs' Outrage Claims

Utility Trailer argues that the tort of outrage does not encompass the conduct alleged in Plaintiffs' second amended complaint.  As a result, Utility Trailer contends that Plaintiffs' Count II should be dismissed pursuant to Rule 12(b)(6).  Taking the allegations in the operative complaint as true and in the light most favorable to Plaintiffs, however, the court disagrees.

To state a claim for the tort of outrage under Alabama law, "a plaintiff must demonstrate that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011) (internal quotation marks omitted).  To be sure, in Alabama, the tort of "outrage is a very limited cause of action that is available only in the most egregious circumstances." *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993) (citing nineteen cases in which the Alabama Supreme Court "has held in a large majority of the outrage cases reviewed that no jury question was presented").  And only a handful of factual scenarios have been held to fall within this tort's purview. *See Little*, 72 So. 3d at 1172 (discussing the three limited types of conduct held actionable under the tort of outrage, as set out in *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000)).  Notwithstanding the tort's

narrow application, the Alabama Supreme Court recently observed that the previously documented limitations "is not to say . . . that the tort of outrage is viable in only the three circumstances noted in *Potts*[,]" 771 So. 2d at 462. *Id*. at 1172–73 (observing that it recently had affirmed a judgment on a tort-of-outrage claim in a fourth situation).

Plaintiffs no doubt face a high hurdle on their outrage claims, as the tort of outrage "does not recognize recovery for 'mere insults, indignities, threats, annoyances petty oppressions, or other trivialities.'" *Am. Road Serv. Co. v. Inmom*, 394 So. 2d 361, 364–65 (Ala. 1980). But Plaintiffs have each alleged facts, taken as true at this juncture, that portray a workplace replete with racial discrimination, harassment, and hostility. And while the Alabama Supreme Court has yet to have a case where racial discrimination, harassment, and retaliation provided a sufficient basis for a claim of outrage, it made clear in *Little,* that such a finding would not be off the table as long as the conduct in question was "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in civilized society." 72 So. 3d at 1173 (quoting *Horne v. TGM, Assoc., L.P.*, 56 So. 3d 615, 631 (Ala. 2010)).

Accordingly, while it is a close call, applying *Twombly*'s plausibility standard, *see* 550 U.S. at 570, the court is reluctant to dismiss the claims at the pleading stage when Plaintiffs' second amended complaint alleges facts that

portray Utility Trailer as a workplace where racial harassment, degradation, and discrimination were extensive both in frequency and severity.

B. **Plaintiffs' Negligent/Wanton Supervision, Training, and Retention Claims**

Utility Trailer next argues that Plaintiffs' claims of negligent/wanton training, supervision, and retention should be dismissed because they are premised on Plaintiffs' "doomed" state-law claim of outrage. (Doc. # 29, at 18.) To state a claim for negligent or wanton supervision, training, or retention, "it is clear that the [defendant's] wrongdoing must be based on state, and not federal, law." *Guy v. Ala. Power Co.*, No. 2:13cv8-MHT, 2013 WL 3929858, at *2 (M.D. Ala. July 29, 2013). Because Plaintiffs have stated a viable state-law claim of outrage, surviving Utility Trailer's motion to dismiss, a proper state-law foundation for Plaintiffs' claims of negligent/wanton training, supervision, and retention remains.

## V. CONCLUSION

Based upon the foregoing, it is ORDERED that Utility Trailer's motion to dismiss the state-law claims in Plaintiffs' second amended complaint (Doc. # 29) is DENIED.

DONE this 15th day of December, 2014.

                                    /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE